UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOEL KENNAMER, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:22-CV-642-RDP |
| } | |
| MARSHALL COUNTY, ALABAMA, } | |
| et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case is before the court on Motions to Dismiss filed by Defendants Whitaker Contracting Corporation and Marshall County, Alabama. (Docs. # 4, 6). The Motions have been fully briefed. (Docs. # 4, 11, 13; # 6, 12, 14). After careful consideration, the court concludes that Defendants' Motions (Docs. # 4, 6) are due to be granted.

**I.     Background**

Plaintiff has brought this federal action based on Defendants' alleged failures to comply with state laws related to bidding on public works. In his complaint, Plaintiff has alleged that Defendant Marshall County, Alabama ("Marshall County") failed to award "county road paving contracts on a unit price annual basis rather than the procedure prescribed in Title 39-1-1." (Doc. # 1 at 5). Plaintiff has further alleged that such activity "prevents compliance with the performance bond requirements of Alabama Code (39-2-8)." (*Id.*). Plaintiff specifically takes issue with Marshall County's decision to award a paving contract to Defendant Whitaker Contracting Corporation ("Whitaker Contracting"), a private entity which Plaintiff alleges has won the annual contract for twenty years. (*Id.*).

Plaintiff seeks two types of relief. First, Plaintiff requests that the court enter an order

1

"declaring the contracts between the two defendant's [sic] for paving county roads illegal and void." (Doc. # 1 at 5). Second, Plaintiff requests that the court enter a judgment ordering Whitaker Contracting to return the sum of $1,101,033.22 to Marshall County "for amount paid in violation of one contract." (*Id.*).

Defendants Whitaker Contracting and Marshall County have separately moved to dismiss Plaintiff's claims pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. # 4, 6).

## II.     Standard of Review

### A.  Federal Rule of Civil Procedure 12(b)(6) Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12 (b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the "complaint must demonstrate

'more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### B. Federal Rule of Civil Procedure 12(b)(1) Standard

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). The jurisdiction of the federal court may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When a facial challenge is presented, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks, on the other hand, "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citation omitted). Regardless of whether a challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests

with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)). If a court decides it has no jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "*Pro se* pleadings are held to a less stringent standard [of review] than [counseled] pleadings . . . and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## III.   Analysis

Whitaker Contracting primarily argues that Plaintiff's claims against it should be dismissed because it is not a state actor subject to liability under 42 U.S.C. § 1983. (Doc. # 4). Marshall County argues that Plaintiff's action should be dismissed because the court lacks subject matter jurisdiction – namely, federal question jurisdiction that Plaintiff purportedly bases his claim upon.[1] (Doc. # 6). For the reasons discussed below, the court agrees that it does not have subject matter jurisdiction over Plaintiff's claim. Accordingly, the court need not address the merits of Whitaker Contracting's argument.

Federal question jurisdiction exists where an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The question [of] whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharma. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). As a general rule, "a case arises under federal law only if it

---

[1] Defendant Whitaker Contracting, which filed a motion to dismiss on other grounds, has similarly argued that "[n]otably missing is any allegation that Whitaker deprived Plaintiff of any federal rights." (Doc. # 11 at 2).

is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted).

Plaintiff asserts that his invocation of 42 U.S.C. § 1983 is sufficient to satisfy the well-pleaded complaint standard. (Doc. # 12 at 1). However, it is well-established that § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994). The first step in deciding a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271, 114 S. Ct at 811.

Here, however, Plaintiff's complaint fails to identify even a single constitutional right (or any other federally protected right) that he alleges Defendants violated. Rather, Plaintiff alleges only violations of state law, which do not create federal question jurisdiction under the well-pleaded complaint rule. *See Connecticut State Dental Ass'n v. Anthem Health Plans*, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court."). To be sure, Plaintiff's complaint cites Alabama's "Public Works Law" as the basis for his claims. (Doc. # 1 at 4) (citing Ala. Code §§ 39-1-1 (discussing performance bond requirements for public works contractors) and 39-2-8 (discussing requirements of a bidder to whom an award is made)). Although Plaintiff brings his claims pursuant to § 1983 (Doc. # 1 at 3), his allegations that Defendants violated Alabama statutory law cannot be the basis for a § 1983 claim. Thus, Plaintiff has failed to satisfy the well-pleaded complaint rule.

It is worth noting -- particularly given Plaintiff's decision to proceed *pro se* -- that Plaintiff appears to argue in a responsive brief that Defendants violated his Fourteenth Amendment rights

to procedural due process. (Doc. # 12 at 1). But even if this court could look beyond the complaint to discern whether federal question jurisdiction exists (which it cannot), such a vague reference to the Fourteenth Amendment is insufficient to state a procedural due process claim.

To properly allege a procedural due process claim, a plaintiff must plausibly plead: "'(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Plaintiff does not allege facts sufficient to meet any of the above requirements. Plaintiff cannot simply incant the magic words "procedural due process" and state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Simply put, it is clear from the face of Plaintiff's complaint that he has failed to meet his burden showing that this court has subject-matter jurisdiction over his action.[2]

## IV.  Conclusion

For the reasons explained above, Defendants' Motions (Docs. # 4, 6) are due to be granted and this action is due to be dismissed. Plaintiff is not without legal recourse given that filing a lawsuit in state court could present a viable course of action. A separate order in accordance with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this July 14, 2022

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] Because Plaintiff does not allege that the court has subject matter jurisdiction based on diversity jurisdiction -- and there is no indication that complete diversity exists -- the court need not engage in further analysis regarding the lack of subject matter jurisdiction.